# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COURTNEY GERVAIS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:26-cv-02439-OLG |
| | § | |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, PROFESSIONAL RECOVERY | § | |
| MANAGEMENT, INC. D/B/A FOX | § | |
| COLLECTION CENTER AND TRANS | § | |
| UNION LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax")[1], by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681, *et seq.* ("Fair Credit Reporting Act" or "FCRA"), 15 U.S.C. §§ 1692, et seq. ("Fair Debt Collection Practices Act" or "FDCPA") and the Texas Debt Collection Act ("TXDCA"), Tex. Fin. Code § 392, *et seq.*

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TXDCA"), Tex. Fin. Code § 392, *et seq*, but Equifax denies that it violated the

---

[1] Defendants Equifax Information Services, LLC and Trans Union, LLC are referred to collectively as the "CRA Defendants."

law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax

denies the remaining allegations in this paragraph.

## COMPLAINT ¶2:

Plaintiff is a victim of identity theft, which is one of the "fastest growing white-collar crimes in the United States. *Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 505, 2007 WL 4535267 (4th Cir. 2007). Surveys have shown "between 1998 and 2003, approximately 27.3 million adults discovered they were victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone." *Id*.

## ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit

Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that

Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations

in this paragraph.

## COMPLAINT ¶3:

Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b).

## ANSWER:

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

## COMPLAINT ¶4:

Accordingly, "[t]he FCRA evinces Congress' intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities.'" *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶5:**

On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").[2] This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers can better protect themselves and their families.[3]

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶6:**

The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[4]

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

---

[2]

[3]  https://georgewbush-whitehouse.archives.govinews/releases/2003/12/20031204-3.html    Last visited April 14, 2026.

[4]  https://www.govinfo.gov/content/pkg/PLAW-108pub1159/pdf/PLAW-108pub1159.pdf    Last visited April 14, 2026.

325662005v.1

**COMPLAINT ¶7:**

In 2004, according to the Federal Bureau of Investigation, "[i]dentity theft is one of the fastest growing crimes in the U.S., claiming more than 10 million victims a year."[5]

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶8:**

Between 2000 and 2014, the Federal Trade Commission ("FTC") identified identity theft as the number one complaint made to the FTC.[6]

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶9:**

In 2022, identity theft complaints rose back to the top and make up the number one category of complaints received by the FTC.[7]

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

---

[5] https://archives.fbi.gov/archives/news/stories/2004/october/preventidt 102104 Last visited April 14, 2026.
[6] https ://www.ftc.govinews-events/press-releases/2016/03/ftc-release s-annual-summary-consumer-complaints Last visited April 14, 2026.
[7] https://www.ftc.gov/reports/consumer-sentinel-network-data-book-2022 Last visited April 14, 2026.

325662005v.1

**COMPLAINT ¶10:**

In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies ("CRA"), § 1681i, and their furnishers of information, § 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports. *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶11:**

Furnishers have their own independent duties under the FCRA, principally those found at 15 U.S.C. § 1681s-2. The duties on furnishers under the FCRA were enacted in 1996. THE CONSUMER CREDIT REPORTING REFORM ACT OF 1996, Pub. L. No. 104-208 (1996).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶12:**

Specifically, a furnisher must satisfy five duties after receipt of notice of a consumer dispute from a CRA. 15 U.S.C. § 1681s-2(b)(1)(A-E). *See also Hinkle v. Midland Credit Mgmt., Inc.,* 827 F.3d 1295 (11th Cir. 2016); *Boggio v. USAA Federal Savings Bank*, 696 F.3d 611 (6th Cir. 2012); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426 (4th Cir. 2004); *Van Veen v. Equifax Info.*, 844 F.Supp.2d 599, 605 (E.D. Pa. 2012) (applying *Johnson*).

**ANSWER:**

Equifax states that the case law and statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates,

mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

## COMPLAINT ¶13:

The FCRA also "provides the primary recourse for victims of identity theft." Christopher P. Couch, *Forcing the Choice Between Commerce & Consumers: Application of the FCRA to Identity Theft*, 53 Ala. L. Rev. 583, 587 (2002).

## ANSWER:

The allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

## COMPLAINT ¶14:

Thus, the FCRA holds CRAs and furnishers of information responsible for taking reasonable steps to correct a consumer's credit report once the theft is brought to their attention. *See Sloane v. Equifax Info. Services, LLC*, 510 F.3d 495, 506-07 (4th Cir. 2007) ("Of course, Equifax bore not responsibility for the initial theft, but the FCRA makes the company responsible for taking reasonable steps to correct Suzanne's credit report once she has brought the theft to the company's attention.").

## ANSWER:

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

## COMPLAINT ¶15:

Here, as a result of identity theft, Plaintiff's credit report included a collection account with the tradeline Fox Collection Center on behalf of Hopkins Management Group with account number ending in 7114 with a past due balance of $1,522 (hereinafter, the "Account" or "inaccurate information") that does not belong to Ms. Gervais.

325662005v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Ms. Gervais disputed the Account to Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Ms. Gervais disputed the Account to the CRA Defendants.

**ANSWER:**

Equifax admits that it received correspondence purportedly from Plaintiff regarding the Account, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Ms. Gervais disputed the Account to the CFPB and FTC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

After Plaintiff disputed the Account with the CRA Defendants, upon information and belief, said defendants forwarded her disputes with legible copies of documents in support of Plaintiff's disputes. Notwithstanding, Fox failed to delete the disputed information and fully, reasonably, and properly investigate Plaintiff's disputes.

325662005v.1

-8-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Defendant Fox continued to credit report the Account to the CRA Defendants despite knowledge that the debt was the result of fraud and did not belong to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Likewise, after receipt of Plaintiff's disputes, the CRA Defendants failed to delete or reasonably reinvestigate the disputed items of information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶22:**

Similarly, the purpose of the FDCPA is to protect purported consumer debtors from unfair and unconscionable debt collection tactics.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶23:**

The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in false and misleading, unfair, and deceptive practices in the process of attempting to collect a debt.

325662005v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶24:**

Notwithstanding, Fox continued credit reporting the Account to the CRA Defendants with knowledge that the underlying debt was the result of fraud, and the Account balance was not incurred by Ms. Gervais.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

In other words, Fox misrepresented that Plaintiff owed the underlying debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

The CRA Defendants have been sued thousands of times wherein an allegation was made that said defendants violated the FCRA.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Similarly, the CRA Defendants have received thousands of complaints from consumers through the Better Business Bureau ("BBB") and the CFPB.

325662005v.1

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Over the last three years, Equifax received over 8,500 consumer complaints through the BBB.[8] Of those complaints, over 4,500 were made in the last twelve months alone. *Id.*

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Over the last three years, Trans Union received over 28,000 consumer complaints from the BBB[9]. Of those complaints, almost 18,000 were made in the last twelve months alone. *Id.*

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

In August 2024, Trans Union received over 80,000 consumer complaints made to the CFPB.[10]

---

[8]    https://www.bbb.org/us/ga/atlanta/profile/credit-reporting-agencies/equifax-inc-0443-3443/complaints Last visited April 14, 2026.

[9]    https://www.bbb.org/us/il/chicago/profile/credit-reporting-agencies/transunion-llc-0654-2713/complaints Last visited April 14, 2026.

[10] https://www.ftc.gov/system/filesiftc_gov/pdf/top_co_complaints_august_2024.pdf Last visited April 14, 2026.

325662005v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

During that same time month and year, Equifax received over 74,000 consumer complaints made to the CFPB. *Id.*

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Likewise, Fox has received consumer complaints made to the BBB.[11]

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Many of the complaints are like Plaintiff's claims here, for example:

**Date: 02/07/2026**
Type: Billing Issues
Status: Answered

More info
I recently reviewed a copy of my credit report an[d] was shocked to find I had been the victim of identi[t]y theft I do not recognize this account please remove this from my credit report they are hurting my ability to obtain credit. FOX COLLECTION CENTER

---

---

[11]     https://www.bbb.org/us/tn/goodlettsville/profile/collections-agencies/fox-collection-center-0573-8200283/complaints Last visited April 14, 2026.

-11-

325662005v.1

**Date: 01/30/2026**
Type: Billing Issues
Status: Answered

More info
I am a victim of fraud. I never did any business with this company. I am asking to remove the fraudulent account appear in my credit account ASAP. Date opened was Jun 16, 2022.

*Id.*

## ANSWER:

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶34:

"Evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law." *Dalton v. CAI*, 257 F.3d 409, 418 (4th Cir. 2001) (noting that whether "other consumers have lodged complaints similar to Dalton's against CAI" is relevant to willfulness under the FCRA).

## ANSWER:

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

## COMPLAINT ¶35:

Notwithstanding thousands of consumer complaints, the sale of consumers' most private and sensitive personal and financial information is a multi-billion-dollar industry for the CRA Defendants and Fox's primary source of revenue — making and collecting on consumer loans.

## ANSWER:

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶36:**

Equifax reported more than $ 6 billion in operating revenue in its annual report for year ending in 2025.[12]

**ANSWER:**

Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COMPLAINT ¶37:**

Trans Union reported over $ 4.5 billion in revenue for year ending 2025.[13]

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## JURISDICTION & VENUE

**COMPLAINT ¶38:**

This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, § 1692k(d) and 28 U.S.C § 1331 over Plaintiff's claims made pursuant to 15 U.S.C. §§ 1681 and 1692, *et seq*. This Court also has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶13:***[sic]*

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and division. Plaintiff communicated with the defendants concerning the inaccurate information from this judicial district. The defendants sent communications concerning the Account and the

---

[12]    https://investor.equifax.com/news-events/press-releases/detail/1391/equifax-delivers-fourth-quarter-2025-revenue-growth-of-9 Last visited April 14, 2026.

[13]    https://investors.transunion.com/-/media/Files/T/Transunion-IR-V2/reports-and-presentations/transunion-q4-2025-earnings-presentation.pdf Last visited April 14, 2026.

325662005v.1

inaccurate information to Plaintiff in this judicial district. Fox credit reported the Account with Plaintiff's address in this judicial district. Likewise, the CRA Defendants prepared consumer reports related to Plaintiff with Plaintiff's address and in connection with applications for credit made in this judicial district.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.  Equifax denies the remaining allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph..

**PARTIES**

**COMPLAINT ¶14:**

Plaintiff Gervais is an adult individual and a resident of this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶15:**

Defendant Equifax does business in this judicial district and is a Georgia corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that it is a limited liability company that is registered to do business in the State of Texas. Equifax further admits that it maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

-14-

325662005v.1

**COMPLAINT ¶16:**

Defendant Fox is a person who furnishes information to CRAs under FCRA, 15 U.S.C. § 1681s-2[14], and conducts substantial and regular business activities in this judicial district. Fox is a Tennessee corporation with its principal place of business located at 454 Moss Trail, Goodlettsville, TN 37072. Fox is a debt collector as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

Defendant Trans Union does business in this judicial district and is a Delaware limited liability corporation with its principal place of business located at 555 W Adams St., Chicago, Illinois 60661-5753. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶18:**

Plaintiff is a victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

In or around 2022 or 2023, an impostor applied for credit to rent or lease a trailer from, upon information and belief, Silver Line Trailers and to be financed through Hopkins Management Group ("Hopkins").

---

[14] Plaintiff is making a claim against Fox under § 1681s-2(b). Plaintiff is not making a claim against said defendant under § 1681s-2(a).

325662005v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

The impostor did not make the required payments on the trailer for the amount originally purportedly owed, $ 1,985, and the trailer was repossessed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Upon information and belief, some of the personal identifying information ("PII") used in connection with the application for credit purportedly concerned Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Plaintiff did not apply for or authorize someone on her behalf to apply for a loan with Hopkins.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Plaintiff did not receive any goods, benefits or services from Silver Line Trailers, Hopkins or Fox, in connection with the Account.

325662005v.1

-17-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Plaintiff reported the theft of her identity law enforcement, including the FTC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

In or around 2023, the Account was assigned to collections with Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Sometime thereafter, Fox began credit reporting to the CRA Defendants that the collection Account belonged Plaintiff and she was responsible for the balance on the Account, $1,522.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Fox credit reported false information in connection with the fraudulent Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶28:**

Thereafter, the CRA Defendants prepared consumer reports related to Plaintiff that included the inaccurate information.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

The CRA Defendants reported the Account as a derogatory account and as follows:

a.      Collection account;

b.      Unpaid; and,

c.      Balance past due.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

The above reported credit information is untrue.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

The inaccurate information harms Plaintiff's credit reputation because the Account history does not accurately depict her credit history or creditworthiness, or both.

325662005v.1

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Plaintiff discovered the inaccurate information on her credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

In or around 2024, Plaintiff disputed the Account directly to Hopkins.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

Plaintiff provided Hopkins with the FTC Identity Theft Report, proof of her identity and the Notice to Furnishers of Information, pursuant to 15 U.S.C. § 1681s-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

The information supplied by Ms. Gervais to Hopkins was equally available to Fox, upon information and belief, as Hopkins assigned the Account for collections to Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Notwithstanding, Fox continued to report the Account belonged to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### *Plaintiff's Experience with Equifax*

**COMPLAINT ¶37:**

Between 2024 to 2026, Plaintiff disputed the Account to Equifax on numerous occasions, online and by mail.

**ANSWER:**

Equifax admits that on December 16, 2025, February 25, 2026, and April 8, 2026, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶38:**

In support of her disputes, Plaintiff provided Equifax with relevant information, such as the Account is the result of fraud and her phone number to contact if Equifax had questions about her dispute.

**ANSWER:**

Equifax admits that on December 16, 2025, February 25, 2026, and April 8, 2026, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

325662005v.1

**COMPLAINT ¶39:**

Ms. Gervais also provided signature exemplars and supporting documents, such as legible copies of her driver's license

**ANSWER:**

Equifax admits that on December 16, 2025, February 25, 2026, and April 8, 2026, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶40:**

Equifax completed its purported reinvestigations of the disputed Account.

**ANSWER:**

Equifax admits the allegations in this Paragraph.

**COMPLAINT ¶41:**

Equifax generated its dispute results stating the Account belongs to Plaintiff.

**ANSWER:**

Equifax admits that it generated documents in response to the completion of its reinvestigation, the contents of which speak for themselves.

**COMPLAINT ¶42:**

Plaintiff continued to dispute the Account to Equifax.

**ANSWER:**

Equifax admits that on December 16, 2025, February 25, 2026, and April 8, 2026, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

-21-

325662005v.1

**COMPLAINT ¶43:**

On at least one occasion, Equifax did not send Plaintiff the dispute results, her report or otherwise respond to Ms. Gervais.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶44:**

Equifax failed to provide Plaintiff with her consumer disclosure after she made multiple requests to Equifax while a fraud alert appeared on her file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

*Plaintiff's Experience with Trans Union*

**COMPLAINT ¶45:**

Between 2024 and 2026, Plaintiff disputed the Account to Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

In support of her disputes, Plaintiff provided Trans Union with relevant information, such as the Account is the result of fraud and her phone number to contact if Trans Union had questions about her dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Ms. Gervais also provided Trans Union signature exemplars and supporting documents, such as legible copies of her driver's license.

325662005v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

Trans Union completed its purported reinvestigations of the disputed Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

Trans Union generated its dispute results stating the Account information "was VERIFIED AS ACCURATE." (emphasis in the original).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

Plaintiff continued to dispute the Account to Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

On at least one occasion, Trans Union did not send Plaintiff the dispute results, her report or otherwise respond to Ms. Gervais.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

-24-

**COMPLAINT ¶52:**

Trans Union failed to provide Plaintiff with her consumer disclosure after she made multiple requests to Trans Union while a fraud alert appeared on her file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### *The CRA Defendants' Parroted the Furnisher's Responses to the Disputes and Did Not Perform a Reasonable Reinvestigation of Plaintiff's Disputes*

**COMPLAINT ¶53:**

In response to Plaintiff's disputes, the CRA Defendants did not contact third parties, including but not limited to Hopkins or FTC, concerning the accuracy of the disputed information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

The CRA Defendants also did not review underlying account documents related to the Account contained in Plaintiff's file or the subject of Plaintiff's disputes, or both, such as the application for credit.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶55:**

The CRA Defendants did not conduct any handwriting analysis on Plaintiff's signature or the signature on the applications for the Account.

**ANSWER:**

Equifax admits the allegations in this paragraph as they pertain to Equifax. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶56:**

The CRA Defendants did not call Ms. Gervais and request additional information or documents concerning her disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

The CRA Defendants did not make a reasonable inquiry into the disputed information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶58:**

The CRA Defendants did not review all relevant information provided by Plaintiff related to the disputed information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶59:**

At best, the CRA Defendants verified the false information simply parroting Fox's verification of Plaintiff's ownership of the Account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶60:**

The CRA Defendants failed to modify or delete all the inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶61:**

Despite Plaintiff's exhaustive efforts to date, the CRA Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

### *Plaintiff's Experience with Fox*

**COMPLAINT ¶62:**

Plaintiff disputed the Account to Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Plaintiff disputed the Account to Fox by phone.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

Fox treated Plaintiff rudely and insisted she pay the debt because it belonged to her.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

Upon information and belief, Plaintiff requested Fox to provide her with the underlying account documents.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

Fox did not provide Plaintiff with any underlying account documents.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

Fox continued to attempt to collect on the fraudulent debt from Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

Plaintiff disputed the inaccurate information to the CRA Defendants.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

One or more of the CRA Defendants notified Fox of the disputed information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶70:**

On three or more occasions, Fox notified one or more of the CRA Defendants that it verified the disputed information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶71:**

As a part of Fox's FCRA purported investigations, it did not:

a.   contact Plaintiff concerning the accuracy of the disputed information;

b.   contact third parties, including but not limited to the FTC, Hopkins or the original dealer who leased the trailer — Silver Line Trailer in Polar Bluff Missouri, concerning the accuracy of the disputed information;

c.   review underlying account documents, such as any application for credit made related to the Account or the correspondence and supporting documents provided by Plaintiff;

d.   conduct handwriting analysis on Plaintiff's signature or the signatures associated with the Account, and in its own records;

e.   make a reasonable inquiry into the disputed information, including a review of the identity theft report supplied by Plaintiff;

f.   review all relevant information provided by a consumer reporting agency pertaining to the disputed information; or,

g.   modify or delete the false account information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

At best, Fox verified the false information by confirming some of Plaintiff's PII related to the Account with some of the PII reported by the CRA Defendants who notified Fox of Plaintiff's dispute.

-28-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

Fox notified at least one CRA Defendant that its reporting of the inaccurate information was factually accurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Fox did not conduct a reasonable investigation with respect to the disputed information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

As of result of the defendants' conduct, Plaintiff has suffered multiple concrete and particularized injuries that are unique and distinct in the form of adverse credit action, damage to credit reputation, loss of time, out-of-pocket expenses and emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶76:**

At all times pertinent hereto, the defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendants herein.

325662005v.1

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶77:**

At all times pertinent hereto, the conduct of the defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶78:**

The defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious and distinct injuries to the Plaintiff that are outlined more fully above and, as a result, the defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief as may be permitted by law for their violations of federal law.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

### COUNT ONE — VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Equifax, 15 U.S.C. §§ 1681e(b), g, c-1, and i)

**COMPLAINT ¶79:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶80:**

Equifax negligently failed to comply with the requirements of the FCRA, including Sections 1681e(b), g, c-1, and i.

325662005v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

Alternatively, Equifax willfully failed to comply with the requirements of the FCRA, including Sections 1681e(b), g, c-1, and i.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶82:**

As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, described more fully above, for which Plaintiff seeks actual, punitive and statutory damages, in an amount to be determined by the jury, plus attorneys' fees and costs.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COUNT TWO - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against Trans Union, 15 U.S.C. §§ 1681e(b), g, e4, and i)**

**COMPLAINT ¶83:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶84:**

Trans Union negligently failed to comply with the requirements of the FCRA, including Sections 1681e(b), g, c-1, c-2 and i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

-31-

325662005v.1

**COMPLAINT ¶85:**

Alternatively, Trans Union willfully failed to comply with the requirements of the FCRA, including Sections 1681e(b), g, c-1, c-2 and i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, described more fully above, for which Plaintiff seeks actual, punitive and statutory damages, in an amount to be determined by the jury, plus attorneys' fees and costs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT THREE — VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against Fox, 15 U.S.C. §,1681s-2(b)(1)(A))**

**COMPLAINT ¶87:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶88:**

On multiple occasions within the past two years, by example only and without limitation, Fox failed to comply with the requirements of the FCRA, including Section 1681s-2(b)(1)(A), by failing to fully and properly investigate Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-32-

325662005v.1

**COMPLAINT ¶89:**

When Plaintiff disputed the fraudulent account with the CRAs, Fox used a dispute system named "e-OSCAR," which has been adopted by the CRAs and their furnisher customers, including Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

E-OSCAR is an automated system and the procedures used by the CRAs are systematic and uniform.

**ANSWER:**

Equifax admits, at times, it utilizes e-Oscar in connection with its dispute process. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

When a CRA receives a consumer dispute, it (usually via an outsourced overseas vendor) translates each dispute into an automated dispute verification ("ACDV") form.

**ANSWER:**

Equifax admits, at times, utilizes ACDVs in connection with its dispute process. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

Upon information and belief, the ACDV form is the method by which Fox has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-33-

**COMPLAINT ¶93:**

Upon information belief, Fox received no less than eight (8) ACDV forms from CRAs notifying it of Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶94:**

Moreover, the ACDVs supplied by the CRAs including legible copies of documents supporting Plaintiff's claims, including but not limited to Plaintiff's dispute letters, driver's license, FCRA Section 611, signature exemplars, *inter alia*.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

Fox understood the nature of Plaintiff's disputes when it received the ACDVs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶96:**

Upon information and belief, when received ACDVs related to Plaintiff's disputes, it followed a standard and systematically unlawful process where it only reviewed its own internal computer screen for the account and repeated back the same information on the ACDV system that was previously reported to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶97:**

Upon information and belief, when Fox receives a dispute through e-OSCAR, it does not conduct a substantive review of any sort to determine whether the information already in its computer is itself accurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶98:**

As a result of Fox's failure to comply with the requirements of § 1681s-2(b)(1)(A), Plaintiff suffered concrete and particularized actual damages, described more fully above.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶99:**

Fox's conduct in violating was willful, making it liable to Plaintiff for punitive for punitive and statutory damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Fox was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT FOUR - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against Fox, 15 U.S.C. § 1681s-2(b)(1)(B))**

**COMPLAINT ¶100:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325662005v.1

**COMPLAINT ¶101:**

On multiple occasions within the past two years, by example only and without limitation, Fox failed to comply with the requirements of the FCRA, including Section 1681s-2(b)(1)(B), by failing to review all relevant information provided to it by the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶102:**

As Plaintiff detailed in the previous Count, Fox has elected to use the e-OSCAR system for its FCRA disputes received through the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶103:**

Fox is aware of the meaning of the several dispute codes used by the CRAs in e-OSCAR.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶104:**

Fox does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶105:**

Fox understood Plaintiff's disputes and that Plaintiff claimed the account did not belong to her.

325662005v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶106:**

Fox understood Plaintiff's disputes and that Plaintiff claimed the account was opened due to fraud.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶107:**

Fox understood the nature of Plaintiff's disputes and that Plaintiff claimed she was a victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶108:**

As a result of Fox's failure to comply with the requirements of Section 1681s-2(b)(1)(B), Plaintiff suffered concrete and particularized actual damages, described more fully above.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶109:**

Fox's conduct in violating was willful, making it liable to Plaintiff for punitive for punitive and statutory damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Fox was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

-37-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶110:**

As a result of Fox's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, described more fully above, for which Plaintiff seeks actual, punitive and statutory damages, in an amount to be determined by the jury.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT FIVE - VIOLATIONS OF THE FDCPA**
**(Against Fox, 15 U.S.C §§ 1692e and 1692f)**

**COMPLAINT ¶111:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶112:**

At all times material herein, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3), since she is a natural person allegedly obligated to pay a consumer debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶113:**

At all times material herein, Plaintiff's alleged debt was a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶114:**

At all times material herein, Fox was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶115:**

Fox falsely stated Plaintiff owed a debt on the Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶116:**

As detailed above, Plaintiff did not have any connection to the Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶117:**

Despite Plaintiff's repeated disputes to Fox and the CRAs that the Account did not belong to her, Fox continued to claim that the Account belonged to Plaintiff and that she owed the debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶118:**

Fox's credit reporting of the Account was a false representation of the character, amount, and legal status of a debt in violation of the FDCPA. 15 U.S.C. § 1692e(2)(A)(10).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶119:**

Fox continued to claim Plaintiff owed the debt for the Account after her disputes was also a false representation and deceptive practice in violation of the FDCPA. 15 U.S.C. § 1692e.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶120:**

Fox repeatedly used unfair or unconscionable means, or both, to collect or attempt to collect the debt, specifically the disputed collection Account, from Plaintiff. Fox did so even though Plaintiff doesn't owe the debt because it is the result of fraud, in violation of 15 U.S.C. § 1692f.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COMPLAINT ¶121:**

Fox's violations of the FDCPA caused Plaintiff to worry about her financial situation and the impact on her credit, as well as stress and frustration.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶122:**

Plaintiff also lost time because of his efforts to clear her name with Fox.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶123:**

As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Fox pursuant to 15 U.S.C. § 1692k.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶124:**

As a result of Fox's failure to comply with the requirements of the FDCPA, Plaintiff suffered actual damages, described more fully above, for which she seeks actual, statutory damages, in an amount to be determined by the jury.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325662005v.1

**COUNT SIX — VIOLATIONS OF TXDCA**
**(Against Fox, TEX. FIN. CODE §§ 392.202 and 392.304(a)(8)**

**COMPLAINT ¶125:**

Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶126:**

Fox is subject to the TXDCPA in relation to the inaccurate Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

The TXDCA provides as follows:

CORRECTION OF THIRD-PARTY DEBT COLLECTOR'S OR CREDIT BUREAU'S FILES. (a) An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any. If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any... .

Tex. Fin. Code § 392.202.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

-42-

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶128:**

Fox failed to make a written record of Plaintiff's dispute with the consumer reporting agencies when it did not mark the fact of Plaintiff's dispute on the tradeline reported by Fox, in violation of Tex. Fin. Code § 392.202.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶129:**

Fox also violated the TXDCPA when it repeatedly and continuously misrepresented to Plaintiff and others the inaccurate Account belonged to Plaintiff when it did not. *See* Tex. Fin. Code § 392.304(a)(8).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶130:**

Indeed, credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

**ANSWER:**

Equifax states that the case law referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶131:**

As a direct and proximate result of Fox's conduct, action, and inaction, Plaintiff is entitled to recover any actual damage she sustained because of Fox pursuant to Tex. Fin. Code § 392.403(a)(2).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶132:**

As a direct and proximate result of Fox's conduct, action, and inaction, Plaintiff is entitled to recover statutory damages in the amount of $100 per violation because of 's violations pursuant to Tex. Fin. Code § 392.403(e).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶133:**

As a direct and proximate result of Fox's conduct, action, and inaction, Plaintiff is entitled to recover her attorney's fees and costs from Fox in an amount to be determined by the Court pursuant to Tex. Fin. Code § 392.403(a)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶134:**

As a direct and proximate result of Fox's conduct, action, and inaction, Plaintiff is also entitled to an order directing Fox to cease communicating the alleged debt to consumer reporting agencies without information regarding Plaintiff's dispute pursuant to Tex. Fin. Code. §392.403(a)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**JURY DEMAND**

**COMPLAINT ¶135:**

Plaintiff requests a jury trial on all claims.

325662005v.1

-45-

**<u>ANSWER:</u>**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**PRAYER**

Wherefore, Plaintiff prays for judgment against the defendants as follows:

On the First Count for Relief:

1.   Actual damages to be determined by the jury;

2.   Punitiye damages to be determined by the jury;

3.   Statutory damages to be determined by the jury;

4.   Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

On the Second Count for Relief:

1.   Actual damages to be determined by the jury;

2.   Punitive damages to be determined by the jury;

3.   Statutory damages to be determined by the jury;

4.   Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

On the Third Count for Relief:

1.   Actual damages to be determined by the jury;

2.   Punitive damages to be determined by the jury;

3.   Statutory damages to be determined by the jury;

4.   Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

On the Fourth Count for Relief:

1.   Actual damages to be determined by the jury;

2.      Punitive damages to be determined by the jury;

3.      Statutory damages to be determined by the jury;

4.      Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

On the Fifth Count for Relief:

1.      Actual damages to be determined by the jury;

2.      Punitive damages to be determined by the jury;

3.      Statutory damages to be determined by the jury;

4.      Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

On the Sixth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Punitive damages to be determined by the jury;

3.      Statutory damages to be determined by the jury;

4.      Attorneys' fees and costs; Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

-46-

325662005v.1

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 4, 2026                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By:  /s/ Samin Hessami
                                            Samin Hessami, TX Bar No. 24100109
                                            shessami@seyfarth.com
                                            SEYFARTH SHAW LLP
                                            700 Milam Street, Suite 1400
                                            Houston, Texas  77002-2812
                                            Telephone:  (713) 238-1847
                                            Facsimile:  (713) 821-0711

                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*

325662005v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_/s/ Samin Hessami_
Samin Hessami
*Counsel for Defendant*
*Equifax Information Services LLC*

325662005v.1