IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COURTNEY GERVAIS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No.: 5:26-CV-02439-OLG |
| | § | |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, PROFESSIONAL RECOVERY | § | |
| MANAGEMENT, INC. D/B/A FOX | § | |
| COLLECTION CENTER AND TRANS | § | |
| UNION LLC, | § | |
|     Defendants. | § | |

**DEFENDANT PROFESSIONAL RECOVERY MANAGEMENT, INC. D/B/A
FOX COLLECTION CENTER'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Professional Recovery Management, Inc. d/b/a Fox Collection Center ("Defendant") files this Answer and Affirmative Defenses to Plaintiff Courtney Gervais ("Plaintiff") Complaint (the "Complaint"). Except as hereinafter admitted, qualified, or otherwise answered, Defendant denies each and every allegation contained in Plaintiff's Complaint. Defendant denies any and all liability to Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA"), or any other statute, law, or theory in this matter.

The Complaint contains material numbering errors. After Paragraph 38, the paragraph numbering restarts at Paragraph 13 and continues therefrom. References in this Answer are to the paragraph numbers as they appear in the Complaint. Where duplicate paragraph numbers exist, Defendant distinguishes between the earlier and later occurrences of the duplicated paragraph number and reserves all rights with respect to any ambiguity created by Plaintiff's numbering errors.

## ANSWER

## PRELIMINARY STATEMENT

1.      Defendant acknowledges Plaintiff is seeking actual, statutory and punitive damages, and costs and attorneys' fees. Defendant denies that any of its alleged conduct caused Plaintiff's claimed damages and denies any and all liability to Plaintiff.

2.      Defendant denies that Plaintiff is a victim of identity theft as to any account Defendant was assigned to assist in collecting. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.      Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 3.

4.      Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 4.

5.      Defendant states that the Fair and Accurate Credit Transactions Act ("FACTA") speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 5.

6.      Defendant states that FACTA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 10.

11. Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 11.

12. Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 12.

13. Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 13.

14. Defendant states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 14.

15. Defendant admits that an account associated with Plaintiff in the amount of $1,522 with account number ending in 7114 was placed with it by Hopkins Management Group. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16 but denies the validity of such dispute.

17. Defendant admits the allegations in Paragraph 17 but denies the validity of such dispute.

18. Defendant admits the allegations in Paragraph 18 but denies the validity of such dispute.

19. Defendant admits that the CRA Defendants forwarded Plaintiff's dispute and documents submitted with the same but denies the validity of such dispute. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Defendant states that the FDCPA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 22.

23.     Defendant states that the FDCPA speaks for itself and denies any allegation or characterization inconsistent therewith in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendant admits only that certain third parties submitted complaints to the Better Business Bureau. Defendant denies the truth of the allegations contained in such complaints and denies any remaining allegations in Paragraph 32.

33.     Defendant admits only that certain third parties submitted complaints to the Better Business Bureau and that Plaintiff has quoted or paraphrased those complaints. Defendant denies the truth of the allegations contained in such complaints and denies any remaining allegations in Paragraph 33.

34.     Defendant admits that Plaintiff has quoted purported case law. Defendant denies any allegation or characterization inconsistent therewith. Defendant denies any remaining allegation in Paragraph 34.

35.     Defendant denies that it makes consumer loans. Defendant further states that it provides loan servicing and related services and denies any remaining allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

## JURISDICTION & VENUE

38.     The allegations in Paragraph 38 contain legal conclusions to which no response is required. To the extent any response is required, Defendant admits this Court has jurisdiction over Plaintiff's claims. Defendant further states that the FCRA and FDCPA speak for themselves. Defendant denies any allegation or characterization inconsistent therewith.

39.     The allegations in the second Paragraph 13 contain legal conclusions to which no response is required. To the extent any response is required, Defendant admits this venue is proper in this judicial district. Defendant denies any remaining allegations in the second Paragraph 13.

**PARTIES**

40.    Defendant admits Plaintiff is an adult individual and is a resident of this judicial district. The allegations in the second Paragraph 14 regarding Plaintiff's consumer status is a conclusion of law to which no response is required. To the extent any response is required, Defendant denies the same.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 15.

42.    Defendant admits that it furnishes credit information to consumer reporting agencies and that it conducts business in this judicial district. Defendant also admits that it is a Tennessee corporation with a principal place of business located at 454 Moss Trail, Goodlettsville, TN 37072. The allegations in the second Paragraph 16 regarding Defendant's debt collector status is a conclusion of law to which no response is required. To the extent any response is required, Defendant denies the same. Defendant denies any remaining allegations in the second Paragraph 16.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 17.

**FACTUAL ALLEGATIONS**

44.    Defendant denies the allegations in the second Paragraph 18.

45.    Defendant denies the allegations in the second Paragraph 19.

46.    Defendant denies the allegations in the second Paragraph 20. Defendant further states that payments on the trailer were not delinquent at the time it was voluntarily surrendered, not repossessed.

47.    Defendant admits that Plaintiff's personally identifying information was used in the application for the trailer rental or lease. Defendant denies any remaining allegations in the second Paragraph 21.

48.    Defendant denies the allegations in the second Paragraph 22.

49.    Defendant denies the allegations in the second Paragraph 23.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 24.

51.    Defendant admits the allegations in the second Paragraph 25.

52.    Defendant admits the allegations in the second Paragraph 26.

53.    Defendant denies the allegations in the second Paragraph 27.

54.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 28.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 29.

56.    Defendant denies the allegations in the second Paragraph 30.

57.    Defendant denies the allegations in the second Paragraph 31.

58.    Defendant denies the allegations in the second Paragraph 32.

59.    Defendant admits that Plaintiff disputed the account in or around 2024. Defendant denies any remaining allegations in the second Paragraph 33.

60.    Defendant admits that Plaintiff provided Hopkins with the FTC Identity Theft Report, her identification card, and Notice to Furnishers of Information. Defendant denies any remaining allegations in the second Paragraph 34.

61.     Defendant admits it had access to the documents Plaintiff submitted to Hopkins and that Plaintiff's account was assigned to Defendant for collection. Defendant denies any remaining allegations in the second Paragraph 35.

62.     Defendant admits that it reported that the account belonged to Plaintiff, but denies that any reporting was unlawful. Defendant denies any remaining allegations in the second Paragraph 36.

### *Plaintiff's Experience with Equifax*

63.     The allegations in the second Paragraph 37 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

64.     The allegations in the second Paragraph 38 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

65.     The allegations in Paragraph 39 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

66.     The allegations in Paragraph 40 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

67.     The allegations in Paragraph 41 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

68.     The allegations in Paragraph 42 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

69.     The allegations in Paragraph 43 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

70.     The allegations in Paragraph 44 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

<em><strong>Plaintiff's Experience with Trans Union</strong></em>

71.     The allegations in Paragraph 45 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

72.     The allegations in Paragraph 46 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

73.     The allegations in Paragraph 48 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same

74.     The allegations in Paragraph 49 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

75.    The allegations in Paragraph 50 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

76.    The allegations in Paragraph 51 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

77.    The allegations in Paragraph 52 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

### *The CRA Defendants' Parroted the Furnisher's Responses to the Disputes and Did Not Performa  Reasonable Reinvestigation of Plaintiff's Disputes*

78.    The allegations in Paragraph 53 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

79.    The allegations in Paragraph 54 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

80.    The allegations in Paragraph 55 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

81.    The allegations in Paragraph 56 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

82.    The allegations in Paragraph 57 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

83.    The allegations in Paragraph 58 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

84.    The allegations in Paragraph 59 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

85.    The allegations in Paragraph 60 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

86.    The allegations in Paragraph 61 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

### Plaintiff's Experience with Fox

87.    Defendant admits that Plaintiff disputed the account to it, but denies the validity of such dispute. Defendant denies any remaining allegations in Paragraph 62.

88.    Defendant admits that Plaintiff disputed the account to it, but denies the validity of such dispute. Defendant denies any remaining allegations in Paragraph 63.

89.    Defendant denies the allegations in Paragraph 64.

90.    Defendant admits the allegations in Paragraph 65.

91.     Defendant denies the allegations in Paragraph 66. Defendant further states that Defendant provided Plaintiff with her account documents and followed up on October 15, 2025 and November 21, 2025, but Plaintiff did not respond.

92.     Defendant denies the allegations in Paragraph 67.

93.     Defendant admits that Plaintiff disputed the account, but denies that any information regarding the account was inaccurate. Defendant denies any remaining allegations in Paragraph 68.

94.     Defendant admits the allegations in Paragraph 69, but denies that any information regarding the account was inaccurate.

95.     Defendant admits the allegations in Paragraph 70.

96.     Defendant denies the allegations in Paragraph 71, including each subpart.

97.     Defendant admits that it confirmed some of Plaintiff's personal identifying information related to the account, but denies that this was the only action it took to verify the account. Defendant denies any remaining allegations in Paragraph 72.

98.     Defendant denies that the information was factually inaccurate. Defendant admits that it verified the debt. Defendant denies any remaining allegations in Paragraph 73.

99.     Defendant denies the allegations in Paragraph 74.

100.    Defendant denies the allegations in Paragraph 75.

101.    The allegations in Paragraph 76 contain conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

102.    The allegations in Paragraph 77 contain conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

103.    The allegations in Paragraph 78 contain conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

## COUNT ONE – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Equifax, 15 U.S.C. §§ 1681e(b), g, c-1, and i)

104.    The allegations in Paragraph 79 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

105.    The allegations in Paragraph 80 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

106.    The allegations in Paragraph 81 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

107.    The allegations in Paragraph 82 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

## COUNT TWO – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Trans Union, 15 U.S.C. §§ 1681e(b), g, c-1, and i)

108.    The allegations in Paragraph 83 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

109.    The allegations in Paragraph 84 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

110.    The allegations in Paragraph 85 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

111.    The allegations in Paragraph 86 appear to be directed to other defendants and not to Defendant, to which no response is required. To the extent any response is required, Defendant denies the same.

### COUNT THREE – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
**(Against Fox, 15 U.S.C. § 1681s-2(b)(1)(A))**

112.    The allegations in Paragraph 87 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

113.    Defendant denies the allegations in Paragraph 88.

114.    Defendant denies that the account was fraudulent. Defendant admits that it uses e-OSCAR. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89. Defendant further denies any remaining allegations in Paragraph 89.

115.    Defendant admits that the e-OSCAR system is automated. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90. Defendant further denies any remaining allegations in Paragraph 90.

116.    Defendant admits the allegations in Paragraph 91.

117.    Defendant admits the allegations in Paragraph 92.

118.    Defendant admits the allegations in Paragraph 93.

119.    Defendant admits that it received documents Plaintiff submitted in support of her claims, but denies that such documents demonstrate the validity of Plaintiff's claims. Defendant denies any remaining allegations in Paragraph 94.

120.    Defendant admits that it understood the nature of Plaintiff's dispute but denies the validity of the same. Defendant denies any remaining allegations in Paragraph 95.

121.    Defendant denies the allegations in Paragraph 97.

122.    Defendant denies the allegations in Paragraph 98.

123.    Defendant denies the allegations in Paragraph 99.

## COUNT FOUR – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Fox, 15 U.S.C. § 1681s-2(b)(1)(B))

124.    The allegations in Paragraph 100 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

125.    Defendant denies the allegations in Paragraph 101.

126.    Defendant admits the allegations in Paragraph 102.

127.    Defendant admits the allegations in Paragraph 103.

128.    Defendant admits the allegations in Paragraph 104.

129.    Defendant admits that it understood the nature of Plaintiff's dispute and that Plaintiff claimed the account was opened due to fraud. Defendant denies the truth of such claim and denies any remaining allegations in Paragraph 105.

130.    Defendant admits that it understood the nature of Plaintiff's dispute and that Plaintiff claimed that she was a victim of identity theft. Defendant denies the truth of such claim and denies any remaining allegations in Paragraph 106.

131.    Defendant denies the allegations in Paragraph 107.

132.    Defendant denies the allegations in Paragraph 108.

133.    Defendant denies the allegations in Paragraph 109.

134.    Defendant denies the allegations in Paragraph 110.

### COUNT FIVE – VIOLATIONS OF THE FDCPA
### (Against Fox, 15 U.S.C. §§ 1692e and 1692f)

135.    The allegations in Paragraph 111 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

136.    The allegations in Paragraph 112 are conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

137.    The allegations in Paragraph 113 are conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

138.    The allegations in Paragraph 114 are conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same.

139.    Defendant denies the allegations in Paragraph 115.

140.    Defendant denies the allegations in Paragraph 116.

141.    Defendant admits that Plaintiff made multiple disputes to Defendant, but denies the validity of the same. Defendant denies any remaining allegations in Paragraph 117.

142.    Defendant denies the allegations in Paragraph 118.

143.    Defendant denies the allegations in Paragraph 119.

144.    Defendant denies the allegations in Paragraph 120.

145.    Defendant denies the allegations in Paragraph 121.

146.    Defendant denies the allegations in Paragraph 122.

147.    Defendant denies the allegations in Paragraph 123.

148.    Defendant denies the allegations in Paragraph 124.

### COUNT SIX – VIOLATIONS OF THE TXDCA
### (Against Fox, TEX. FIN. CODE §§ 392.202 and 392.304(a)(8))

149.    The allegations in Paragraph 125 are not factual allegations to which a response is required. To the extent any response is required, Defendant states that Plaintiff's prior allegations speak for themselves. Defendant further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant.

150.    The allegations in Paragraph 126 are conclusions of law to which no response is required. To the extent any response is required, Defendant denies the same. Defendant denies that the account was inaccurate.

151.    Defendant states that the TDCA speaks for itself and denies any allegation or characterization inconsistent therewith. Defendant denies any remaining allegations in Paragraph 127.

152.    Defendant denies the allegations in Paragraph 128.

153.    Defendant denies the allegations in Paragraph 129.

154.    Defendant admits that Plaintiff has quoted purported case law. Defendant denies any allegation or characterization inconsistent therewith. Defendant denies any remaining allegation in Paragraph 130.

155.    Defendant denies the allegations in Paragraph 131.

156.    Defendant denies the allegations in Paragraph 132.

157.    Defendant denies the allegations in Paragraph 133.

158.    Defendant denies the allegations in Paragraph 134.

## JURY DEMAND

159.    Defendant acknowledges that Plaintiff has made a jury demand in Paragraph 135.

## PRAYER

160.    In response to Plaintiff's WHEREFORE clause under the heading, including each subpart, Defendant denies that Plaintiff is entitled to any of the relief sought in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

1.    Defendant denies all allegations in Plaintiff's Complaint not expressly admitted herein.

2.    Plaintiff fails to state a claim upon which relief can be granted.

3.    Plaintiff lacks standing to maintain this action because she has sustained no concrete injury or injury in fact.

4.    Any violation of the law (which Defendant denies) resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

5.    Plaintiff failed to mitigate her damages, if any.

6. Plaintiff's alleged damages, if any, are the result of Plaintiff's own conduct and the conduct of others over whom Defendant has no control.

7. Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by her own acts and/or omissions.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10. To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statute of limitations or violate the doctrine of laches, such claims are time-barred.

11. Defendant reserves the right to raise any additional affirmative defenses under the applicable laws that become known, or which Defendant becomes aware of, during the course of discovery or investigation.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Professional Recovery Management, Inc. d/b/a Fox Collection Center prays for a judgment in its favor, for a dismissal of Plaintiff's claims against it with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

By */s/ Kimberly Dang*
Kimberly Dang
Texas Bar No. 24116246
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com
*Attorneys for Defendant Professional Recovery Management, Inc. d/b/a Fox Collection Center*

19

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system. I further certify that the CM/ECF system will send notification of such filing to any counsel of record who are registered CM/ECF participants.

/s/ Kimberly Dang
Kimberly Dang